No. A-CV-19-80

## COURT OF APPEALS OF THE NAVAJO NATION

September 14, 1982

Frank YOUNG, Appellant,

vs.

Paul and Agnes BEGAY, Appellees.

OPINION AND ORDER

Richard George, Esq., George Law Firm, Tuba City, Navajo Nation (Arizona) for Appellant and Joey Greenstone, Esq., Chinle, Navajo Nation (Arizona) for Appellee.

This is a case involving the power of a trial court to set aside a default judgment and the proper application of the statute which limits the time in which a law suit can be filed.

Brigham Young died on September 13, 1973. A complaint for a wrongful motor vehicle death was filed, and when the defendants failed to file their answer, a default judgment was entered against them. After that the defendants came before the court and asked it to set aside the default judgment and then dismiss the case for being filed outside the time period permitted by law.

The district court's order dismissing the case simply says that it heard evidence which satisfied it there were sufficient grounds to set aside the default judgment. This court finds no problem with that finding, and normally we will not overturn such a finding unless it appears that the court acted outside the bounds of its discretion in doing so. This is in accordance with the rule of law that vacating, opening or setting aside a default judgment is within the discretion of the trial court, and its action on a motion to do so will not be disturbed on appeal unless it clearly appears that discretion has been abused. 46 Am.Jur.2d, Judgments Sec. 682. Therefore the trial court properly proceeded to hear the question of whether the statute of limitations precluded the action from going forward.

At the time this action was under consideration, the applicable statute required civil actions to be brought no more than six years after the cause of action accured. 7 NTC Sec. 602. As a general rule, the time period in which one must file suit begins when the cause of action accrues. 51 Am.Jur.2d, Limitation of Actions Sec. 107. When a party files suit before the period of time set in the statute has run from such accrual the statute of limitations has no further application. Id., Sec. 200.

-134-

The plaintiff's decedent, Brigham Young, died on September 13, 1973, and since the plaintiff based his claim upon the events which lead to his death on that date, the action for wrongful death accrued then and the plaintiff had six years to file his action.

The trial court found that the complaint was filed on September 17, 1980, which was four days too late. If the finding of the court was correct, then it had no choice but to dismiss, since the Navajo statute of limitation is a valid legal defense. Id., Secs. 3, 4.

This case does not involve a question of law so much as a question of fact. The plaintiff claims that the suit was in fact filed on September 13, 1980, but that the clerk of court failed to properly date stamp it. He states in his memorandum brief that in the past the clerk of court would not stamp court papers when receiving them, but that there was a change in that policy and papers were then stamped in front of counsel when they were received.

There is a legal presumption that public officials, including clerks of court, perform their work in a regular fashion and in accordance with law.

"The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." United States v. Chemical Foundation, Inc., 272 U.S. 1, 14-15 (1926); Hoorwitz v. Resor, 329 F. Supp. 1050, 1051 (D. Conn. 1970), aff'd 445 F.2d 1407 (C.A.2, 1971).

Was there clear evidence to overcome the presumption that the clerk of court stamped the complaint on the date shown?

This court does not have the advantage of any affidavit or testimony to show an admission on the part of a clerk of improper dating, the testimony of other counsel showing there was a consistent practice of improperly date stamping or any other direct evidence of improper action on the part of the clerk. The trial judge who was given the responsibility of supervising the court where the clerk was employed was the judge who heard the motion to dismiss involving the date stamp. Certainly that judge would be in a much better position than this court to know the faults of those under him, and (as was noted above) appeals courts normally do not disturb findings of fact by a trial judge. The finding in this case was, of course, that the complaint was filed on the date indicated. We further have the matter that the check used to pay the filing fee in this case is dated September 14, 1982. That piece of evidence can reasonably be taken to show that the action was filed at least one day late, but it too does not overcome the presumption of regularity because it is not unsual for counsel to prepare a check for filing a case and then be delayed for a few days in actually filing it. The final consideration against the argument of the plaintiff is that counsel around the world are well-aware of the consequences of filing an action outside the period of time permitted by law. The law reports and legal texts are full of complex, clever and unusual arguments by lawyers who have permitted the time to run on a case, and consequently good trial lawyers are very careful in using systems to avoid limitations problems. See, e.g. Cantor, "Case Control," 2 Law Office Economics and Management Manual, Sec. 32, Article A; Smith,

"Remind Me, Please. . .," Id. Article C; DeMeo, "Case Control," Id. Article G. Therefore, given the accepted practice of the legal profession, the plaintiff's argument fails to show proper concern for an accurate dating of the complaint, and there is no clear evidence to overcome the presumption.

Therefore, based upon these matters, the district court's order of dismissal of June 25, 1980 is hereby AFFIRMED.